UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JERMAINE UPSHAW,              )<br>                                                )<br>         Petitioner,         )<br>   vs.                        )         2:11-cv-276-WTL-DKL<br>                                                )<br>SUPERINTENDENT, Wabash Valley )<br>  Correctional Facility,           )<br>                                                )<br>         Respondent.           ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Jermaine Upshaw for a writ of habeas corpus is **denied**.

### Background

A prison hearing officer concluded on May 4, 2011, that Upshaw had violated prison rules during the morning of April 26, 2011, by twice spitting in the face of an officer trying to break up a fight between Upshaw and inmate Derek Brown. The infraction was assault with body fluids. This incident occurred in a dayroom at the Wabash Valley Correctional Facility, an Indiana prison and the subsequent disciplinary proceeding is identified as No. BTC 11-04-0784.

Contending that the proceeding is tainted with constitutional error, Upshaw filed this action for habeas corpus relief. His specific claims are that his right to present evidence was violated and that there was insufficient evidence to support the hearing officer's decision.

### Discussion

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The procedural and substantive protections to which reference has been made are triggered when a prisoner suffers a sanction which results in "custody."

*Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008).

Upshaw was sanctioned for the misconduct described above in a manner which will delay his anticipated release from state custody. His petition for a writ of habeas corpus may be granted only if he demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. ' 2254(a) (1996). *See Conner v. McBride,* 375F.3d 643, 649 (7th Cir. 2004).

AA prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient.@ *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Upshaw was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff,* 418 U.S. 539; *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *See Superintend. Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

The pleadings and the expanded record here show that Upshaw received the procedural protections required by *Wolff.* Although he contends that he was denied access to evidence, the record shows that a written statement was obtained from his requested witness, Derek Brown, and that the videotape of the incident was viewed and its contents were summarized. The video was taken from a fixed angle and showed only Derek Brown's back during the incident. Thus, the video did not reveal whether it was Upshaw who spit on the reporting officer or, as Upshaw contends, Derek Brown. His evidence, however, was considered by the hearing officer.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as Asome evidence.@ *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even Ameager@ proof is sufficient). Here, the conduct report is clear. As to the sufficiency of the evidence, the first-hand account of the reporting officer as recited in the conduct report is sufficient to satisfy the "some evidence" requirement of *Hill.*

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* **418 U.S. at 558**. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Upshaw to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/16/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana